[No. 21940-5-I.   Division One.   August 28, 1989.]

THE STATE OF WASHINGTON, *Respondent*, v. FELIX BARO, *Appellant.*

*Julie A. Kesler* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Timothy Blood, Deputy,* for respondent.

GROSSE, A.C.J.—Felix Baro–Morales (Baro) appeals his conviction and sentence for possession of a controlled substance, cocaine. His sole contention on appeal is that investigative or "Terry"[1] stops are unconstitutional under article 1, section 7 of the Washington State Constitution. This court has determined that the opinion of the Supreme Court in *State v. Kennedy,* 107 Wn.2d 1, 726 P.2d 445

---

[1] *Terry v. Ohio,* 392 U.S. 1, 20 L. Ed. 2d 889, 88 S. Ct. 1868 (1968).

(1986) is dispositive of this issue. In addition, the recent case of *State v. Patterson,* 112 Wn.2d 731, 774 P.2d 10 (1989) also confirms the fact that *Kennedy* is dispositive. *Accord, State v. Belieu,* 112 Wn.2d 587, 773 P.2d 46 (1989). On appeal, Baro does not contend that the circumstances surrounding his initial encounter with authorities were insufficient to justify his detention for investigation of suspected criminal activity. Therefore, the facts need not be restated.

Baro contends that investigatory "Terry" stops are unconstitutional under Washington law because they are without "authority of law" as required by article 1, section 7 of the state constitution.[2] Baro argues that the *Terry* decision involved only an analysis of federal constitutional law; it does not obviate the necessity for an independent state constitutional law analysis.[3] Baro claims there is no statute, common law principle, or court rule, that provides for investigatory stops and therefore any stop absent probable cause is unconstitutional under the Washington Constitution. As authority, Baro cites *Seattle v. Mesiani,* 110 Wn.2d 454, 755 P.2d 775 (1988), which he claims mandates that "authority of law" independent of federal law must exist to authorize an investigative stop for the stop to comply with article 1, section 7 of the Washington Constitution. The State contends the case of *State v. Kennedy,* 107

---

[2]Article 1, section 7 of the Washington Constitution provides,

"No person shall be disturbed in his private affairs, or his home invaded, without authority of law."

[3]Baro claims that *Kennedy* is no longer valid because it did not contain an analysis to determine whether the state constitution should be interpreted as being more protective of individual rights than the federal constitution. He contends that *Kennedy* did not consider the six nonexclusive factors as set out in and required by *State v. Gunwall,* 106 Wn.2d 54, 61-62, 720 P.2d 808 (1986). The neutral criteria relevant to determine whether, in a given situation, the state constitution extends broader rights than the federal constitution are as follows: (1) the textual language; (2) differences in the texts; (3) constitutional history; (4) preexisting state law; (5) structural differences; and (6) matters of particular state or local concern.

Wn.2d at 4–9, and its progeny[4] are dispositive of the case. We agree with the State's position.

██ *Kennedy* indisputably holds that investigative stops are constitutional under Const. art. 1, § 7; that the scope of the protection afforded by the provision is freedom only from unreasonable searches and seizures; that articulable and individualized suspicion by an officer gives rise to the reasonableness necessary to justify the intrusion; and thus, the intrusion does not rise to the level of requiring "authority of law." Alternatively, the "authority" is grounded on the need for societal protection from criminal activity and officers have that authority by the nature of their office and to protect themselves from danger. *See Kennedy*, 107 Wn.2d at 12.

Recently in *State v. Patterson*, 112 Wn.2d 731, 735, 774 P.2d 10 (1989), a post–*Mesiani* case, the Supreme Court, in discussing the propriety of a search of a parked, unoccupied, secured vehicle, reiterated its decision in *Kennedy* and *State v. Stroud*, 106 Wn.2d 144, 720 P.2d 436 (1986), as being in concert with article 1, section 7 as follows:

> Against societal need, we balance privacy interests provided by article 1, section 7 of our own constitution. Both analysis under the factors outlined in *State v. Gunwall*, 106 Wn.2d 54, 720 P.2d 808 (1986), and scholarly commentary support our independent interpretation of that provision. *See Gunwall* (analyzing Const. art. 1, § 7); *see also* Nock, *Seizing Opportunity, Searching for Theory: Article 1, Section 7*, 8 U. Puget Sound L. Rev. 331, 366 (1985).
>
> In the areas of search incident to arrest and *Terry* stops, we found that concerns for safety of officers and potential destructibility of evidence do outweigh privacy interests and warrant a bright–line rule permitting limited searches. *See State v. Stroud, supra; State v. Kennedy, supra.*

Baro relies on the subsequent opinion in *Mesiani* to argue that the holding in *Kennedy* has been thrown into

---

[4]*See State v. Wheeler*, 108 Wn.2d 230, 737 P.2d 1005 (1987); *State v. Williams*, 50 Wn. App. 696, 750 P.2d 278 (1988); *State v. Cameron*, 47 Wn. App. 878, 737 P.2d 688 (1987); *State v. Guzman–Cuellar*, 47 Wn. App. 326, 734 P.2d 966, *review denied*, 108 Wn.2d 1027 (1987); *State v. Gonzales*, 46 Wn. App. 388, 731 P.2d 1101 (1986).

question because the opinion did not contain the independent analysis of the "authority of law" issue. The *Patterson* case refutes this claim. Further, *Mesiani* is distinguishable. Unlike the case at bar, *Mesiani* involved stops at sobriety checkpoints that were without individualized suspicion of criminal activity and thus outside the reasonableness exception to the scope of state constitutional provisions.

The decision of the trial court is affirmed.

WEBSTER and WINSOR, JJ., concur.

Review denied at 113 Wn.2d 1030 (1989).